**GARY C. ZEITZ, L.L.C.**
GARY C. ZEITZ, ESQUIRE
ROBIN LONDON-ZEITZ, ESQUIRE
1101 Laurel Oak Road, Suite 170
Voorhees, New Jersey 08043
(856) 857-1222
*Attorneys for Creditor,*
*LARRY AND RAZY KATZ AND MARTIN AND TZIPORA WESEL*

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 (Involuntary) |
| | : | |
| EQUITY TRUST CO | : | |
| | : | Case No. 25-14921/ABA |
| | : | |
| Debtor(s) | : | HEARING DATE: June 10, 2025 at 10:00am |

**CERTIFICATION IN SUPPORT OF
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

I, Razy Katz, hereby certify as follows:

1. I am the secured creditor ("Creditor"). This certification is made in support of the within motion for relief from the automatic stay, for waiver of the 14 day stay pursuant to D.N.J. LBR 9013-1(b), to dismiss the within bankruptcy case and for other relief. I have personal knowledge of the facts contained herein.

2. On May 7, 2025, Mayer Gindi (the "Petitioning Creditor") filed an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code against Equity Trust Co.

3. Prior to the filing of Equity Trust Co's ("Debtor") bankruptcy, on or about September 15, 2021, LARRY KATZ; RAZY KATZ; MARTIN WESEL AND TZIPORA WESEL (the "Lender") made a loan to Equity Trust Company Custodian FBO Sara Gindi, IRA (the "Borrower"), in the original principal amount of $100,000.00 (the "Loan").

1

4. Equity Trust Company is a custodian only with respect to the Loan. The Loan is titled in the name of Equity Trust Company so that the monies can be held as an asset of Sara Gindi's individual retirement account (IRA). Sara Gindi is Myer Gindi's wife.

5. To evidence his/her/their indebtedness under the Loan, on or about September 15, 2021, Sara Gindi on behalf of the Borrower executed and delivered to the Lender a certain promissory note (the "Note") in the original principal amount of $100,000.00, payable in equal monthly installments of interest only commencing on October 15, 2021 and continuing until September 15, 2022 when the final payment of $100,000.00 plus interest was due and owing. A copy of the Note is attached hereto as Exhibit "A".

6. To secure payment of the Note, on or about September 15, 2021, Sara Gindi on behalf of the Borrower executed and delivered a Mortgage (the "Mortgage") in favor of the Lender in the original principal amount of $100,000.00. The Mortgage was recorded on November 12, 2021, in the offices of the Atlantic County Clerk/Register in Instrument No. 2021066102. A copy of the Mortgage is attached hereto as Exhibit "B".

7. On September 15, 2021 Sara Gindi on behalf of the Borrower executed an assignment of rents and leases in favor of the Lender. A copy of the assignment of rents and leases is attached hereto as Exhibit "C".

8. On September 15, 2021 Mayer Gindi executed a personal guarantee with respect to the Loan. A copy of the personal guarantee is attached hereto as Exhibit "D".

9. The Mortgage encumbers all that certain real property commonly known as 111 N 2nd St., Pleasantville, New Jersey, and also known as Block 120, Lot 17, as shown on the Tax Map of the City Pleasantville, County of Atlantic and State of New Jersey, including all improvements

thereon (the "Property").

10. Lender commenced a foreclosure proceeding with respect to the Property on May 30, 2024.

11. On December 24, 2024 a Final Judgment of Foreclosure and Writ of Execution were entered in favor of the Lender. A copy of the Final Judgment and Writ of Execution are attached here to as Exhibit "E". The amount owed on the Loan as of the entry of the Final Judgment was $98,043.99. Additional interest continues to accrue.

12. A sheriff's sale was originally scheduled for March 13, 2025. The Borrower subsequently utilized her statutory adjournments and sheriff's sale was rescheduled for May 8, 2025. Prior to the sheriff's sale on May 7, 2025 Mayer Gindi filed the within involuntary bankruptcy against his wife's IRA.

13. The within involuntary bankruptcy filed on the eve of the sheriff's sale by Mayer Gindi essentially against himself and his wife appears to be a fraudulent utilization of the bankruptcy process to create delay. The Property is a residential rental property that is occupied by tenants. It is not occupied by Mayer Gindi or Sara Gindi. Mayer Gindi represented on the bankruptcy petition that both the Debtor and himself reside at the Property. This is false statement. Mayer and Sara Gindi reside at 23 Regal Court, Lakewood, NJ 08701.

14. It is anticipated that Mayer Gindi will not prosecute this bankruptcy case.

15. Based upon the foregoing an order should be entered granting Lender relief from the automatic stay to proceed with its foreclosure pursuant to 11 U.S.C. 362(d)

16. In addition, an order should be entered allowing Lender to exercise its assignment of rents and leases to collect all rental payments with respect to the Property.

17. Furthermore, the Borrower should be required to provide proof of insurance with respect to the Property immediately upon entry of an order by the Court.

18. Likewise a judgment should be entered in favor of Lender and against Mayer Gindi for filing a sham involuntary bankruptcy case pursuant to 11 U.S.C. 303(I).

19. Finally, the bankruptcy case should be dismissed for lack of prosecution.

I certify that the foregoing statements are true to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 19, 2025               By: /s/ Razy Katz
                                  Razy Katz, Creditor