**EXHIBIT B**

# MORTGAGE

THIS MORTGAGE, made the **15th day of Sep 2021**

BETWEEN:

**EQUITY TRUST COMPANY CUSTODIAN FBO SARA GINDI IRA** with offices at **1 EQUITY WAY, WESTLAKE OH 44145**
(MORTGAGOR)

AND:

**LARRY AND RAZY KATZ** with offices at **954 45th St, Brooklyn NY 11219**
And
**MARTIN AND TZIPORA WESEL** with offices at **1833 50th St, Brooklyn NY 11204**
(MORTGAGEE)

WITNESSETH, that to secure the payment of an indebtedness in the sum of **ONE HUNDRED THOUSAND DOLLARS ($100,000)**, lawful money of the United States, to be paid with interest only payments on the amount outstanding thereon to be computed from the date hereof, for a period of **TWELVE MONTHS UNTIL Sep 15th, 2022** when the unpaid balance of **ONE HUNDRED THOUSAND DOLLARS ($100,000)**, and interest, if any, shall become due and payable.

According to a certain bond, or note or obligation between **MORTGAGOR** and the **MORTGAGEE** bearing even date herewith, the **MORTGAGOR** hereby mortgages to the **MORTGAGEE**:

SEE "SCHEDULE A" ATTACHED

**Said premises being known as:
111 N 2nd St, PLEASANTVILLE NJ 08401
Tax Lot 17, Tax Block 120**

**TOGETHER** with all right, title and interest of **MORTGAGOR** in and to the land lying in the streets and roads in front of and adjoining said premises;

**TOGETHER** with all fixtures, chattels and articles of personal properties now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

**TOGETHER** with all awards heretofore and hereafter made to **MORTGAGOR** for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the **MORTGAGEE**, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittance therefore, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said **MORTGAGOR** hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the **MORTGAGEE**, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

AND **MORTGAGOR** covenants with the **MORTGAGEE** as follows:

1. That **MORTGAGOR** will pay the indebtedness as hereinbefore provided.

2. That **MORTGAGOR** will keep the buildings on the premises insured against loss by fire for the benefit of the **MORTGAGEE**; that he will assign and deliver the policies to the **MORTGAGEE**; and that he will reimburse the **MORTGAGEE** for any premiums paid for insurance made by the **MORTGAGEE** on **MORTGAGOR**'s default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the premises shall be altered, removed or demolished without the consent of the **MORTGAGEE**.

4. That the whole of said principal sum and interest shall become due at the option of the **MORTGAGEE**; after default in the payment of any installment of principal or of interest for fifteen days; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after de-fault after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the **MORTGAGEE** for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in installments at the application of **MORTGAGOR** or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first installment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That **MORTGAGOR** will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the **MORTGAGEE** may pay the same.

7. That **MORTGAGOR** within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That **MORTGAGOR** warrants the title to the premises.

10. That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto **MORTGAGOR**, within thirty days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the **MORTGAGEE**. All of the provisions of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of **New Jersey** Real Property Laws construing the same shall apply to the additional insurance required by this paragraph.

11. That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12. That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the **MORTGAGEE** is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the **MORTGAGEE** for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including

reasonable counsel fees), shall be paid by **MORTGAGOR**, together with interest thereon at the rate of six per cent, per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

13. That **MORTGAGOR** hereby assigns to the **MORTGAGEE** the rents, issues and profits of the premises as further security for the payment of said indebtedness, and **MORTGAGOR** grants to the **MORTGAGEE** the right to enter upon and to take possession of the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The **MORTGAGEE** hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents, issues and profits, and **MORTGAGOR** shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of **MORTGAGOR** may be revoked by the **MORTGAGEE** upon any default, on five days' written notice. **MORTGAGOR** will not, without the written consent of the **MORTGAGEE**, receive or collect rent from any tenant of said premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the **MORTGAGEE**, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of **MORTGAGOR**, and upon default in any such payment will vacate and surrender the possession of said premises to the **MORTGAGEE** or to such receiver, and in default thereof may be evicted by summary proceedings.

14. That the whole of said principal sum and the interest shall become due at the option of the **MORTGAGEE**: (a) after failure to exhibit to the **MORTGAGEE**, within ten days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the premises without the written consent of the **MORTGAGEE**; or (c) after the assignment of the rents of the premises or any part thereof without the written consent of the **MORTGAGEE**, or (d) if the buildings on said premises are not maintained in reasonably good repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental department claiming jurisdiction over the premises within three months from the issuance thereof; or (f) if on application of the **MORTGAGEE** two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other en-cumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to **MORTGAGOR**, in the event of the passage of any law deducting from the value of land for the purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if **MORTGAGOR** fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage.

15. That **MORTGAGOR** will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

16. If **MORTGAGOR** fails to pay any installment of principal or interest on any prior mortgage or under this instant mortgage, when the same becomes due, the **MORTGAGEE** may pay the same, and **MORTGAGOR** on demand will repay the amount so paid with interest thereon at the legal rate of **28% per annum** and the same shall be added to the **MORTGAGE** indebtedness and be secured by this **MORTGAGE**.

17. **MORTGAGOR** agrees that in the event of default and foreclosure, **MORTGAGOR** shall grant sole authority to **MORTGAGEE** to appoint a receiver to manage the premises until payment is made in full.

This mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind **MORTGAGOR**, the heirs, personal representatives, successors and assigns of **MORTGAGOR** and all subsequent owners, encumbrances, tenants and subtenants of the premises, and shall inure to the benefit of the **MORTGAGEE**, the personal representatives, successors and assigns of the **MORTGAGEE** and all subsequent holders of this mortgage. The word "**MORTGAGOR**" shall be construed as if it read "**MORTGAGORS**" and the word "**MORTGAGEE**" shall be construed as if it read "**MORTGAGEES**" whenever the sense of this mortgage so requires.

**IN WITNESS WHEREOF**, this mortgage has been duly executed by the **MORTGAGOR**.

**IN PRESENCE OF:**

_____     _____
**EQUITY TRUST COMPANY CUSTODIAN FBO SARA GINDI IRA, al pi heter iska,**
**By SARA GINDI**

STATE OF NEW JERSEY) ss:
COUNTY OF OCEAN)
On the **15th day of Sep in the year 2021** before me, the undersigned, a notary public in and for said state, personally appeared **SARA GINDI**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

YOSEF RIBIAT
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 1, 2026

TITLE #
=================================================
**EQUITY TRUST COMPANY CUSTODIAN FBO SARA GINDI IRA**
  TO
**LARRY AND RAZY KATZ And**
**MARTIN AND TZIPORA WESEL**
=================================================

RECORD AND RETURN TO:
**LARRY AND RAZY KATZ, 954 45th St, Brooklyn NY 11219**

## RIDER TO MORTGAGE

PREMISES: 111 N 2nd St, PLEASANTVILLE NJ 08401
Tax Lot 17, Tax Block 120

MORTGAGOR: EQUITY TRUST COMPANY CUSTODIAN FBO SARA GINDI IRA

MORTGAGEE(S): LARRY AND RAZY KATZ And MARTIN AND TZIPORA WESEL

DATE: Sep 15th, 2021

---

The printed part of this MORTGAGE is hereby modified and supplemented. In the event there is any conflict between this Rider and the printed part of this MORTGAGE, the provision of this Rider shall control and the MORTGAGE shall be construed accordingly.

18. MORTGAGOR shall pay the real estate taxes and property insurance in a timely fashion and provide proof of payment to the MORTGAGEE. In the event that the MORTGAGOR shall not pay the taxes or the insurance, the MORTGAGEE reserves the right to escrow one-twelfth (1/12) of the annual real estate taxes and insurance and same shall be added on to the monthly MORTGAGE payment. If MORTGAGOR shall not pay the additional amount, then this loan will be deemed to be in default and MORTGAGOR may pursue any and all remedies under this MORTGAGE. This paragraph shall not apply if there is a prior mortgage that collects escrow and that mortgage is being paid in a timely fashion and the MORTGAGOR supplies proof that such prior mortgage and taxes and insurance are timely paid.

19. MORTGAGOR shall at all times hereunder maintain sufficient hazard insurance and extended coverage on the mortgaged property in such amounts as shall be reasonably required by the holder of this MORTGAGE to secure the principal balance of this MORTGAGE and to prevent the operation of any co-insurance provisions, naming the MORTGAGEE as an additional insured under a Lenders Loss payable endorsement or its equivalent. Said insurance policy shall contain a further provision to the effect that it shall not be cancelable, as to the MORTGAGEE, without ten (10) days prior written notice. Condemnation awards and insurance loss proceeds received, shall be applied to the indebtedness of the loan or used to repair any damage to the premises, the choice to be made at MORTGAGEE'S election. MORTGAGOR shall provide a copy of the renewal policy to the MORTGAGEE on the anniversary date of the policy every year.

20. All tenant security deposits shall be held in a separate trust account in a banking institution, and MORTGAGOR shall give notice to the MORTGAGEE of the name and location of said account.

21. MORTGAGOR shall not transfer or convey or sell the mortgaged premises or any part or portion thereof including, without limitation, a sale, transfer or conveyance by operation of law, nor shall MORTGAGOR lease all of the premises without the prior written consent of the MORTGAGEE in each instance. For purposes of this paragraph, the transfer of a total of more than 25% of the stock of MORTGAGOR (if MORTGAGOR is a corporation) or of 25% or more of the Partnership interest of MORTGAGOR (if MORTGAGOR is a partnership) shall be deemed a sale or transfer or conveyance on the part of MORTGAGOR which shall require the prior written consent of the MORTGAGEE. The failure by the MORTGAGOR to obtain the prior written consent of the MORTGAGEE to any sale or transfer or conveyance of the mortgaged premises in accordance with the provisions of this paragraph

shall entitle the MORTGAGEE to accelerate the maturity date of this MORTGAGE and declare the entire principal balance hereof, together with all accrued interest hereunder immediately due and payable.

22. MORTGAGOR shall make each monthly mortgage payment payable to MORTGAGEE and deliver each payment to address as MORTGAGEE shall designate. In the event any checks issued by MORTGAGE are dishonored by the bank for any reason, the MORTGAGOR shall pay a One Hundred Dollar ($100.00) handling charge, in addition to any other charges or penalties provided herein. Such charge shall be secured by this MORTGAGE and shall become due and payable no later than the due date of the next subsequent installment of principal and/or interest.

23. **In the event any payment herein provided for shall become overdue, the entire loan shall be deemed in default and due and collectible immediately. A default rate will apply to all outstanding payments and shall be calculated at 24% per annum for any portion of interest and/or principal which is in default. The same shall be secured by this MORTGAGE.**

24. The term 'DEFAULT' as contained herein and throughout the Mortgage and Note shall include any failure by MORTGAGOR to comply or perform any or all of the warranties, covenants and conditions undertaken by MORTGAGOR in this mortgage & rider, toward inducing MORTGAGEE to provide the loan amount of **$100,000**. In the event of Default by MORTGAGEE, MORTGAGOR shall have the right to accelerate the loan, causing the principal to become immediately due and owing, in addition to any other rights that MORTGAGOR may have.

25. Upon any default of MORTGAGOR in complying with or performing any warranty or covenant herein, the MORTGAGEE may, at the MORTGAGEE'S option, comply with or perform the same, and the cost thereof, (including reasonable attorneys fees), together with interest thereon at the maximum legal rate allowed by law, shall be paid by the MORTGAGOR to the MORTGAGEE on demand and shall be secured by this MORTGAGE.

26. In the event of a default by MORTGAGOR in making payment of the full amount due, whether at maturity, after acceleration after default or otherwise, interest at the rate specified on the mortgage note executed simultaneously herewith shall be paid by MORTGAGOR to the MORTGAGEE, for such additional period before payment is made.

27. MORTGAGOR does hereby agree, that if default be made in the payment of the said indebtedness when due, pursuant to the terms hereof, the MORTGAGEE shall be entitled to receive interest on the entire unpaid principal sum at the maximum legal rate of interest at the time of such default to be computed from the due date and until the actual receipt and collection of the entire indebtedness. This charge shall be added to and shall be secured by the MORTGAGE. The within clause, however, shall not be construed as an agreement or privilege to extend the MORTGAGE, nor as a waiver of any other right or remedy accruing to the MORTGAGEE by reason of any such default. In the event of the occurrence of any default hereunder, then at the option of the MORTGAGEE, the entire principal balance and interest due shall forthwith become due and payable. Neither delay in asserting this right, nor the acceptance of past due payments or the imposition of late charges shall be deemed a waiver thereof.

28. MORTGAGOR agrees to bear all expenses (including reasonable attorney's fees for legal services of every kind including court costs) of or incidental to the enforcement of any provision hereof, or enforcement, compromise, and for the curing thereof, or the defending or asserting the rights and claims

of the MORTGAGEE in respect thereof, by litigation or otherwise, and will pay the MORTGAGEE any such expenses incurred, and such expenses shall be deemed an indebtedness secured by this MORTGAGE and shall be collectible in like manner as the principal indebtedness secured by this MORTGAGE.

29. The holder of this MORTGAGE, in any action to foreclose it, shall be entitled to choose which properties to include in the action. The holder may include all or part of the premises and the MORTGAGEE shall have the option of selling all properties as one parcel at its sole discretion.

30. If the MORTGAGEE retains counsel for the purpose of collecting any money which may be due under this MORTGAGE, or to recover the mortgaged property, or to protect its interests therein by reason of the happening of any of the defaults or breaches set forth in this MORTGAGE, then and in that event MORTGAGOR herein agrees to pay reasonable counsel fees, the amount of which to hereby expressly fixed at fifteen (15%) of the then unpaid balance of the MORTGAGE debt, and such counsel fees and all disbursements incurred by the MORTGAGEE shall be added to the indebtedness secured by this MORTGAGE and shall be and hereby are made part of the MORTGAGE debt, and shall become an additional lien on said mortgaged property and payable on demand. Said counsel fees are in no event to affect, but are to be paid in addition to any statutory court costs and disbursements. All rights and remedies of the MORTGAGEE shall be cumulative and may be exercised singly or concurrently.

31. MORTGAGOR agrees that, to the extent permitted by law, the rights and remedies provided for herein, or which the holder of this MORTGAGE may otherwise have at law or in equity (including, but not limited to, the right to damages by reason of the failure of MORTGAGOR or then owner of the said premises to keep, observe and perform any of the covenants, conditions or agreements contained in this MORTGAGE), shall be distinct, separate and cumulative, and shall not be deemed to be inconsistent with each other; and none of them, whether or not exercised by the holder of this MORTGAGE, shall be deemed to be exclusive of any other; and any two or more of all of such rights and remedies may be exercised at the same time.

32. In the event of a foreclosure the lien of this MORTGAGE shall cover any and all personal property owned by MORTGAGOR or in which MORTGAGOR has an interest in the said premises appurtenant to, or used in connection with, the operation of the premises, which personal property shall include, without limitation, ovens, ranges, refrigerators, storm windows, and doors, screens, washers, dryers, dishwashers, air conditioners, heaters and plumbing.

33. In any action to foreclose this MORTGAGE, the MORTGAGEE shall be entitled to the appointment of a receiver with notice and without regard to or proof of the value or adequacy of the said premises as security for the indebtedness, or the solvency of any person liable for the payment of such amount, and such receiver may be appointed immediately, and all costs and expenses of such foreclosure action shall be paid for in full by MORTGAGOR .

34. Nothing in this MORTGAGE, the note or in any other agreement between the MORTGAGOR and the MORTGAGEE shall require MORTGAGOR to pay, or the MORTGAGEE to accept, interest in any amount which would subject the MORTGAGEE to penalty under applicable law. In the event that the payment of any interest due hereunder or under the note or any such other agreement would subject the MORTGAGEE to penalty under applicable law, then ipso facto the obligation of MORTGAGOR to make such payment shall be reduced to the highest rate authorized under applicable law without penalty.

35. Mortgagor shall not cause or permit the placing of any subordinate mortgage or lien on the mortgaged premises without the prior written consent of the mortgagee in each instance. The failure by the mortgagor to comply with the provisions of this paragraph shall entitle the mortgagee to accelerate the maturity date of this mortgage and declare the entire principal balance hereof together with all accrual interest hereunder immediately due and payable.

36. MORTGAGOR agrees to bear all expenses (including reasonable attorneys' fees for legal services of every kind) as incidental to the enforcement of any of the collateral pledged hereunder, and for the securing thereof, or defending or asserting the rights and claims of the MORTGAGEE in respect thereof, by litigation or otherwise, and will pay to the MORTGAGEE any such expenses incurred, and such expenses shall be deemed an indebtedness secured by this MORTGAGE and shall be collectible in like manner as the principal indebtedness secured by this MORTGAGE. All rights and remedies of the MORTGAGEE shall be cumulative and may be exercised singly or concurrently.

37. Should any suit be commenced to foreclose any prior mortgage then the amount of this MORTGAGE and the accompanying note shall immediately become due and payable at the option of the owner or holder of this MORTGAGE.

38. Wherever in this MORTGAGE or as a matter of law it is provided that MORTGAGEE'S consent or approval shall not be unreasonably withheld or the actions of MORTGAGEE shall be reasonable, the remedy of MORTGAGOR, in the event MORTGAGOR shall claim or establish that MORTGAGEE has unreasonably withheld such consent or approval or has acted unreasonably, shall be limited to inJulction, declaratory judgment or arbitration, and in no such even shall MORTGAGEE be liable for a money judgment.

39. MORTGAGOR hereby appoints the MORTGAGEE as its attorney-in-fact in connection with any of the personal property or fixtures covered by this MORTGAGE to execute and file on its behalf any financing statements, or other statements in connection therewith with the appropriate public office. This power, being coupled with an interest, shall be irrevocable so long as this MORTGAGE remains unsatisfied.

40. MORTGAGOR has agreed to pay all document taxes, mortgage recording fees or other like taxes which may be levied on the MORTGAGE or the note secured hereby. MORTGAGOR shall promptly pay all title insurance charges and the legal fee for the preparation of the MORTGAGE.

41. MORTGAGOR agrees that all notices served by MORTGAGEE by certified mail, return receipt requested, or overnight courier, addressed to MORTGAGOR in care of the premises, or to any new address which MORTGAGOR may notify the MORTGAGEE in writing by certified mail, return receipt requested, shall be deemed given to MORTGAGOR and in the event there is more than ONE owner of the premises, notice to ONE such owner shall be deemed notice to all.

42. Any instrument of assignment or satisfaction of this MORTGAGE requested at the time of payment of the balance of the principal of this MORTGAGE with interest shall be drawn by the attorney for the MORTGAGEE at the expense of MORTGAGOR or other party requesting such instrument. Any instrument of assignment shall recite it is without recourse as against the assignor.

43. MORTGAGOR agrees that the MORTGAGEE, its agents, employees or other fully authorized representatives, shall have the right to enter into and upon the mortgaged premises, or any portion thereof, at reasonable times during business hours for the purpose of making physical inspections of the premises to determine if the exterior, interior or any part of the structure requires repairs, or alterations, or if the security or value of the mortgaged premises has been depleted.

44. MORTGAGOR may not pledge as collateral security for any other loan, any of the real property used as security for this MORTGAGE.

45. Any payment of principal must be made on the date such payment is due. Any payment made after the due date shall obligate MORTGAGOR for a full month's interest on the outstanding balance and shall not be calculated on a per diem basis.

46. It shall be an act of default hereunder entitling the holder hereof to accelerate the indebtedness secured hereby if MORTGAGOR or the then owner of the property acquires directly or indirectly any mortgage superior to this MORTGAGE.

47. MORTGAGOR named herein shall perform and comply with all of the terms, covenants and conditions of this MORTGAGE and any prior mortgage, if same exists.

48. The validity and enforceability of this MORTGAGE and all transactions and questions arising hereunder, shall be construed and interpreted according to the laws of the State of New Jersey. Whenever possible, each provision of this MORTGAGE shall be interpreted in such manner as to be effective and valid under applicable law; but if any provision of this MORTGAGE shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this MORTGAGE.

49. MORTGAGOR herein are personally, jointly and severally liable for all the terms of this MORTGAGE.

50. MORTGAGOR agrees not to place an additional lien on this property. The placement of such will constitute a default of this mortgage and cause MORTGAGOR to be subject to the conditions set forth above regarding a default.

**IN PRESENCE OF:**

_____        _____
**EQUITY TRUST COMPANY CUSTODIAN FBO SARA GINDI IRA, al pi heter iska,**
**By SARA GINDI**

STATE OF NEW JERSEY ) ss:
COUNTY OF ~~OCEAN~~ Monmouth )

On the **15th day of Sep in the year 2021** before me, the undersigned, a notary public in and for said state, personally appeared **SARA GINDI**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

YOSEF RIBIAT
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 1, 2026