**EXHIBIT C**

## ASSIGNMENT OF LEASES AND RENTS

**EQUITY TRUST COMPANY CUSTODIAN FBO SARA GINDI IRA** with offices at **1 EQUITY WAY, WESTLAKE OH 44145**
Assignor
to
**LARRY AND RAZY KATZ LLC** with offices at **954 45th St, Brooklyn NY 11219**
And
**MARTIN AND TZIPORA WESEL** with offices at **1833 50th St, Brooklyn NY 11204**
Assignee

        Dated: Sep 15th, 2021
        Premises: 111 N 2nd St, PLEASANTVILLE NJ 08401
                   Tax Lot 17, Tax Block 120

   **THIS ASSIGNMENT OF LEASES AND RENTS** (the "Assignment") is made as of the **15th day of Sep, 2021**, by **EQUITY TRUST COMPANY CUSTODIAN FBO SARA GINDI IRA**, with offices at **177 Arlington Ave, Lakewood NJ** (being referred to herein collectively as the "Assignor"), to **LARRY AND RAZY KATZ LLC** with offices at **954 45th St, Brooklyn NY 11219** And **MARTIN AND TZIPORA WESEL** with offices at **1833 50th St, Brooklyn NY 11204**
(being referred to herein collectively as the "Assignee")

**WITNESSETH:**
   **THAT** Assignor, for good and valuable consideration, receipt whereof is hereby acknowledged, hereby grants, transfers and assigns to Assignee the entire lessor's interest in and to all leases and other agreements affecting the use, enjoyment, or occupancy of all or any part of that certain lot or piece of land, more particularly described in Schedule "A" annexed hereto and made a part hereof, together with the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter located thereon (hereinafter collectively referred to as the "Mortgaged Property");

   **TOGETHER WITH** all other leases and other agreements affecting the use, enjoyment or occupancy of the Mortgaged Property now or hereafter made affecting the Mortgaged Property or any portion thereof, together with any extension or renewal of the same, this Assignment of other present and future leases and present and future agreements being effective without further or supplemental assignment (the leases and other agreements described above together with all other present and future leases and present and future agreements and any extension or renewal of the same are hereinafter collectively referred to as the "Leases");

   **TOGETHER WITH** all rents, income, issues and profits arising from the Leases and renewals thereof and together with all rents, income, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the use, enjoyment and occupancy of the Mortgaged Property (hereinafter collectively referred to as the "Rents").

**THIS ASSIGNMENT** is made for the purposes of securing:
   A. The payment of the principal sum, interest and all other sums (hereinafter collectively referred to as the "Debt") secured by, inter alia, that certain mortgage as granted by Mortgage and Security Agreement of even date herewith in the principal amount of **ONE HUNDRED THOUSAND Dollars ($100,000.00)** by Assignor as mortgagor and Assignee as mortgagee covering the Premises (hereinafter collectively referred to as the "Mortgage") and evidenced by that certain mortgage note as granted of even date herewith in the principal amount of **ONE HUNDRED THOUSAND Dollars ($100,000.00)** made by Assignor as maker and Assignee as payee (hereinafter collectively referred to as the "Note").
   B. The performance and discharge of each and every obligation, covenant and agreement of Assignor contained

herein, in the Mortgage, in the Note and in all and any of the documents other than this Assignment, the Note or the Mortgage now or hereafter executed by Assignor and/or others and by or in favor of Assignee which wholly or partially secure or guarantee payment of the Debt (hereinafter collectively referred to as the "Other Security Documents").

**ASSIGNOR WARRANTS** that (i) Assignor is the sole owner of the entire lessor's interest in the Leases; (ii) the Leases are valid and enforceable and have not been altered, modified or amended in any manner whatsoever except as herein set forth; (iii) none of the Rents reserved in the Leases have been assigned or otherwise pledged or hypothecated; (iv) none of the Rents have been collected for more than one (1) month in advance; (v) Assignor has full power and authority to execute and deliver this Assignment and the execution and delivery of this Assignment has been duly authorized and does not conflict with or constitute a default under any law, judicial order or other agreement affecting Assignor or the Mortgaged Property; (vi) the premises demised under the Leases have been completed and the tenants under the Leases have accepted the same and have taken possession of the same on a rent-paying basis; and (vii) there exist no offsets or defenses to the payment of any portion of the Rents.

**ASSIGNOR COVENANTS** with Assignee that Assignor (a) shall observe and perform all the obligations imposed upon the lessor under the Leases and shall not do or permit to be done anything to impair the value of the Leases as security for the Debt; (b) shall promptly send copies to Assignee of all notices of default which Assignor shall send or receive thereunder; (c) shall enforce all of the terms, covenants and conditions contained in the Leases upon the part of the lessees thereunder to be observed or performed, short of termination thereof; (d) shall not collect any of the Rents more than one (1) month in advance; (e) shall not execute any other assignment of lessor's interest in the Leases or the Rents; (f) shall not alter, modify or change the terms of the Leases without the prior written consent of Assignee, or cancel or terminate the Leases or accept a surrender thereof or convey or transfer or suffer or permit a conveyance or transfer of the Mortgaged Property or of any interest therein so as to effect a merger of the estates and rights of, or a termination or diminution of the obligations of, lessees thereunder; (g) shall not alter, modify or change the terms of any guaranty of any of the Leases or cancel or terminate any such guaranty without the prior written consent of Assignee; (h) shall execute and deliver at the request of Assignee all such further assurances, confirmations and assignments in connection with the Mortgaged Property as Assignee shall from time to time require; and (i) shall not enter into any new lease of the Mortgaged Property without the prior written consent of Assignee.

**ASSIGNOR FURTHER COVENANTS** with Assignee that (A) all Leases shall be written on the standard form with Rider of lease which has been approved by Assignee's attorney; (B) upon request, Assignor shall furnish Assignee with executed copies of all Leases; (C) no material changes may be made to the Assignee-approved standard lease without the prior written consent of Assignee; (D) in addition, all renewals of Leases and all proposed Leases shall provide for rental rates comparable to existing local market rates, which, in the case of residential Leases, shall not be in excess of the local registered rent for the apartment to which the Lease relates, and shall be arms-length transactions; (E) all Leases shall provide that they are subordinate to the Mortgage and that the lessees agree to attorn to Assignee, and (F) that, in the case of residential Leases, Assignor will comply with all requirements to register such rentals with the local rent control board or other applicable municipal agency.

**THIS ASSIGNMENT** is made on the following terms, covenants and conditions:

**1. Present Assignment.** Assignee is hereby granted and assigned by Assignor the right to enter the Mortgaged Property for the purpose of enforcing its interest in the Leases and the Rents, this Assignment constituting a present, absolute assignment of the Leases and Rents. Nevertheless, subject to the terms of this paragraph 1, Assignee grants to Assignor a revocable license to operate and manage the Mortgaged Property and to collect the Rents. Assignor shall hold the Rents, or a portion thereof sufficient to discharge all current sums due on the Debt, for use in the payment of such sums. Upon or at any time after an Event of Default (as defined in the Mortgage), the license granted to Assignor herein may be revoked by Assignee.

**2. Remedies of Assignee.** Upon or at any time after an Event of Default, Assignee may, at its option, without

waiving such Event of Default, without notice and without regard to the adequacy of the security for the Debt, either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court, revoke the license granted in paragraph 1 of this Assignment and take possession of the Mortgaged Property and have, hold, manage, lease and operate the Mortgaged Property on such terms and for such period of time as Assignee may deem proper and either with or without taking possession of the Mortgaged Property in its own name, demand, sue for and otherwise collect and receive all Rents, including those past due and unpaid with full power to make from time to time all alterations, renovations, repairs or replacements thereto or thereof as may seem proper to Assignee and may apply the Rents to the payment of the following in such order and proportion as Assignee in its sole discretion may determine, any law, custom or use to the contrary notwithstanding: (a) all expenses of managing and securing the Mortgaged Property, including, without being limited thereto, the salaries, fees and wages of a managing agent and such other employees or agents as Assignee may deem necessary or desirable and all expenses of operating and maintaining the Mortgaged Property, including, without being limited thereto, all taxes, charges, claims, assessments, water charges, sewer rents and any other liens, and premiums for all insurance which Assignee may deem necessary or desirable, and the cost of all alterations, renovations, repairs or replacements, and all expenses incident to taking and retaining possession of the Mortgaged Property; and (b) the Debt, together with all costs and attorneys' fees. In addition to the rights which Assignee may have herein, upon the occurrence of an Event of Default, Assignee, at its option, may either require Assignor to pay monthly in advance to Assignee, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupation of such part of the Mortgaged Property as may be in possession of Assignor or may require Assignor to vacate and surrender possession of the Mortgaged Property to Assignee or to such receiver and, in default thereof, Assignor may be evicted by summary proceedings or otherwise. For purposes of this paragraph 2, Assignor grants to Assignee its irrevocable power of attorney, coupled with an interest, to take any and all of the aforementioned actions and any or all other actions designated by Assignee for the proper management and preservation of the Mortgaged Property. The exercise by Assignee of the option granted it in this paragraph 2 and the collection of the Rents and the application thereof as herein provided shall not be considered a waiver of any default by Assignor under the Note, the Mortgage, the Leases, this Assignment or the Other Security Documents.

3. **No Liability of Assignee.** Assignee shall not be liable for any loss sustained by Assignor resulting from Assignee's failure to let the Mortgaged Property after an Event of Default or from any other act or omission of Assignee in managing the Mortgaged Property after default unless such loss is caused by the willful misconduct and bad faith of Assignee. Assignee shall not be obligated to perform or discharge any obligation, duty or liability under the Leases or under or by reason of this Assignment and Assignor shall, and hereby agrees, to indemnify Assignee for, and to hold Assignee harmless from, any and all liability, loss or damage which may or might be incurred under the Leases or under or by reason of this Assignment and from any and all claims and demands whatsoever, including the defense of any such claims or demands which may be asserted against Assignee by reason of any alleged obligations and undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in the Leases. Should Assignee incur any such liability, the amount thereof, including costs, expenses and reasonable attorneys' fees, shall be secured hereby and by the Mortgage and the Other Security Documents and Assignor shall reimburse Assignee therefor immediately upon demand and upon the failure of Assignor so to do Assignee may, at its option, declare all sums secured hereby and the Mortgage and the Other Security Documents immediately due and payable. This Assignment shall not operate to place any obligation or liability for the control, care, management or repair of the Mortgaged Property upon Assignee, nor for the carrying out of any of the terms and conditions of the Leases; nor shall it operate to make Assignee responsible or liable for any waste committed on the Mortgaged Property by the tenants or any other parties, or for any dangerous or defective condition of the Mortgaged Property, including without limitation the presence of any Hazardous Materials (as defined in the Mortgage), or for any negligence in the management, upkeep, repair or control of the Mortgaged Property resulting in loss or injury or death to any tenant, licensee, employee or stranger.

4. **Notice to Lessees.** Assignor hereby authorizes and directs the lessees named in the Leases or any other or future lessees or occupants of the Mortgaged Property upon receipt from Assignee of written notice to the effect that Assignee is then the holder of the Mortgage and that a default exists thereunder or under this Assignment, the Note or the Other Security Documents to pay over to Assignee all Rents and to continue so to do until otherwise notified

by Assignee.

**5. Other Security.**  Assignee may take or release other security for the payment of the Debt, may release any party primarily or secondarily liable therefor and may apply any other security held by it to the reduction or satisfaction of the Debt without prejudice to any of its rights under this Assignment.

**6. Other Remedies.**  Nothing contained in this Assignment and no act done or omitted by Assignee pursuant to the power and rights granted to Assignee hereunder shall be deemed to be a waiver by Assignee of its rights and remedies under the Note, the Mortgage, or the Other Security Documents and this Assignment is made and accepted without prejudice to any of the rights and remedies possessed by Assignee under the terms thereof.  The right of Assignee to collect the Debt and to enforce any other security therefor held by it may be exercised by Assignee either prior to, simultaneously with, or subsequent to any action taken by it hereunder.

**7. No Mortgagee in Possession.**  Nothing contained in this Assignment shall be construed as constituting Assignee a "mortgagee in possession" in the absence of the taking of actual possession of the Mortgaged Property by Assignee.  In the exercise of the powers herein granted Assignee, no liability shall be asserted or enforced against Assignee, all such liability being expressly waived and released by Assignor.

**8. Conflict of Terms.**  In case of any conflict between the terms of this Assignment and the terms of the Mortgage, the terms of the Mortgage shall prevail.

**9. No Oral Change.**  This Assignment and any provisions hereof may not be modified, amended, waived, extended, changed, discharged or terminated orally, or by any act or failure to act on the part of Assignor or Assignee, but only by an agreement in writing signed by the party against whom the enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

**10. Certain Definitions.**  Unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, words used in this Assignment may be used interchangeably in singular or plural form and the word "Assignor" shall mean "each Assignor and any subsequent owner or owners of the Mortgaged Property or any part thereof or any interest therein," the word "Assignee" shall mean "Assignee and any subsequent holder of the Note," the word "Note" shall mean "the Note and any other evidence of indebtedness secured by the Mortgage," the word "person" shall include an individual, corporation, partnership, limited liability company, trust, unincorporated association, government, governmental authority, and any other entity, the words "Mortgaged Property" shall include any portion of the Mortgaged Property and any interest therein, and the word "Debt" shall mean the principal balance of the Note with interest thereon as provided in the Note and the Mortgage and all other sums due pursuant to the Note, the Mortgage, this Assignment and the Other Security Documents; whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa.

**11. Non-Waiver.**  The failure of Assignee to insist upon strict performance of any term hereof shall not be deemed to be a waiver of any term of this Assignment. Assignor shall not be relieved of Assignor's obligations hereunder by reason of (i) failure of Assignee to comply with any request of Assignor or any other party to take any action to enforce any of the provisions hereof or of the Mortgage, the Note or the Other Security Documents, (ii) the release regardless of consideration, of the whole or any part of the Mortgaged Property, or (iii) any agreement or stipulation by Assignee extending the time of payment or otherwise modifying or supplementing the terms of this Assignment, the Note, the Mortgage or the Other Security Documents.  Assignee may resort for the payment of the Debt to any other security held by Assignee in such order and manner as Assignee, in its discretion, may elect.  Assignee may take any action to recover the Debt, or any portion thereof, or to enforce any covenant hereof without prejudice to the right of Assignee thereafter to enforce its rights under this Assignment.  The rights of Assignee under this Assignment shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others. No act of Assignee shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision.

**12. Applicable Provisions.** If any term, covenant or condition of this Assignment is held to be invalid, illegal or unenforceable in any respect, this Assignment shall be construed without such provision.

**13. Duplicate Original.** This Assignment may be executed in any number of duplicate originals and each such duplicate original shall be deemed to be an original.

**14. Governing Law.** This Assignment shall be governed and construed in accordance with the laws of the State of New Jersey.

**15. Termination of Assignment.** Upon payment in full of the Debt and the delivery and recording of a satisfaction or discharge of Mortgage duly executed by Assignee, this Assignment shall become and be void and of no effect.

**16. Joint and Several Obligations.** Notwithstanding anything to the contrary, if the Assignor consists of more than one (1) person or entity, the representations, warranties, covenants and agreements made by Assignor herein and/or in any of the Other Security Documents, and the liability of the Assignor hereunder or thereunder, is joint and several.

**THIS ASSIGNMENT**, together with the covenants and warranties therein contained, shall inure to the benefit of Assignee and any subsequent holder of the Mortgage and shall be binding upon Assignor, his heirs, executors, administrators, successors and assigns and any subsequent owner of the Mortgaged Property.

**IN WITNESS WHEREOF**, Assignor has executed this Assignment the day and year first above written.

_____
**EQUITY TRUST COMPANY CUSTODIAN FBO SARA GINDI IRA, AL PI HETER ISKA,
BY SARA GINDI**

STATE OF NEW JERSEY )
COUNTY OF ~~OCEAN~~ Monmouth )

On the **15th day of Sep, 2021**, before me, the undersigned, personally appeared **Sara Gindi**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

YOSEF RIBIAT
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 1, 2026